GARRISON, Judge.
This is an appeal from a judgment of the district court dated February 1, 1984 rendered in accordance with a jury verdict finding in favor of the defendant Saenger Art Center, Inc. and against the plaintiff, Carmen Blakeman. From that judgment, plaintiff appeals. Defendant has neither separately appealed nor answered the appeal, although defendant had filed a brief as appellee.
On July 24, 1980 plaintiff was attending a performance of “Annie” at the Saenger Art Center with her husband and two children. During the intermission, Mr. Blake-man and the children went to the lobby in order to purchase refreshments. Shortly thereafter Mrs. Blakeman saw her in-laws waving to her from the opposite side of the balcony. Intending to thank her in-laws for the tickets, Mrs. Blakeman attempted to exit from her seat. Although she was wearing shoes with only a one-inch heel, her right shoe was “caught” by something and she fell forward down 5-6 steps. Mrs. Blakeman was taken to the Emergency Room at Tulane Medical Center. As a result of the accident she suffered a sublaxation of the patella which, after months of conservative treatment with braces, medication, and physical therapy, ultimately required surgery. She is diagnosed as having 15% permanent disability.
At trial, plaintiff sought to introduce evidence in the form of accident reports prepared by Saenger employees indicating that the Saenger averaged ⅛½ “fall on the balcony section stairs” accidents per month (or a little over one a week) in the four months preeeeding the accident. Plaintiff sought to introduce the statements in order to show Saenger’s actual knowledge of the existing defect. The trial judge ruled that they were inadmissible as hearsay. Counsel then argued that the documents were admissible under the Business Records Exception. The trial judge did not rule on this question at that time, but rather deferred his ruling until later in the trial. During the trial, however, he never went back to the issue or ruled upon the exception. Thus there was no opportunity for counsel to object to an unfavorable ruling on the Business Records Exception, because no such ruling was ever made. The statements, however, were not proffered nor was a writ taken on this ruling. Accordingly, the issue has been waived and is not properly before the court at this time.
The trial court did not permit plaintiff to introduce evidence of post-accident remedial measures, specifically Saenger’s installation of a handrail. In light of the transcript, even if we assume arguendo that the trial judge did commit error, that fact alone does not appear to be so prejudicial such that it would have changed the outcome of the trial. Lauro v. Travelers Ins. Co., 261 So.2d 261, 265 (App. 4th, 1972). Accordingly, even if error had been committed, it would be merely “harmless error”.
Michael Blakeman testified that immediately after his wife’s fall he examined the seating and aisle area. The metal heating/air conditioning vent located in the foot area directly in front of his wife’s seat was sticking straight up. He further testified that three of the screws were no long *1126 er holding the register down and that it was anchored in place by only one screw. Mr. Blakeman testified that two different types of carpets met at the edge of the aisle. One carpet was a different height pile than the other and one carpet was padded, whereas the other carpet was not. He further testified that the two carpets were not joined by a metal strip at the time of the accident, but rather were held in place by carpet tacks. Although the other carpet seams in that area had carpet tape, the seam adjacent to his wife’s seat did not.
Both plaintiff and defendant presented experts who testified as to the condition of the area; however, when both experts examined the area, metal strips were present at the carpet seam.
Vernon Julian, Janitorial Manager at the time of the accident, testified that one or two days after the accident he examined the area and found everything to be “normal”. Specifically, he found that the metal vent was in place and that there was a metal strip joining the two carpets. He further testified that no repair work was done in the area and that any such work order would come through his office.
Vernon Julian also testified that Saenger Art Center, Inc. does not own the theatre but only leases it from Sally Bourke. On cross, however, Julian admitted that he has never seen a copy of the lease and does not really know- who owns the building. If Saenger does not own the building, then whoever the landowner may be they were not sued as a party defendant.
Plaintiffs original petition alleged strict liability and the defective condition of the premises. Accordingly, the trial judge instructed the jury not only on general negligence theories, but also on strict liability under C.C. Art. 2317. If the trial judge had failed to instruct the jury on strict liability, then that action would clearly be reversible error. In the instant case, however, the jury considered that theory and found it inapplicable. Apparently, the jury found Mr. Julian’s testimony to be more credible that Mr. Blakeman’s testimony. Although we find Mr. Julian’s testimony that “no repairs were made” somewhat suspect in light of Saenger’s admission that at least some repairs, such as the handrail, were made, we cannot conclude that the trier of fact was “manifestly erroneous” in its factual determinations. Canter v. Koehring Co., 283 So.2d 716 (La., 1973) and Arceneaux v. Domingue, 365 So.2d 1330 (La., 1978).
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.